## *In re* BUCCIARELLO *et al.*

(*Circuit Court, S. D. New York.* February 28, 1891.)

IMMIGRATION—LANDING OF IMMIGRANTS—POWERS OF COLLECTOR.

The regulation of the secretary of the treasury declares that the superintendent of immigration at the port of New York shall examine into the condition of passengers arriving at that port, and report to the collector whether any person is within the prohibition of Act Cong. Feb. 26, 1885. Act Cong. Feb. 23, 1887, amending the act of 1885, provides that if, on such examination by the superintendent, any person shall be found within the prohibition of the act, and the same is reported to the collector, such person shall not be permitted to land. *Held,* that such power of determination is vested in the superintendent of immigration, and not in the collector.

At Law.

*Robert D. Benedict,* for petitioners.

*Edward Mitchell,* U. S. Dist. Atty., and *John O. Mott,* Asst. U. S. Dist. Atty., for collector.

WALLACE, J. Under the regulations of the secretary of the treasury of the date of April 15, 1890, the duty is devolved upon the superintendent of immigration at the port of New York, or the officers assigned and employed under his supervision, to examine into the condition of passengers arriving at that port, and report to the collector in writing whether in such examination there has been found any person included in the prohibition of the act of congress of February 26, 1885, as amended February 23, 1887. Section 6 of the amendatory act of February 23, 1887, declares that if in such examination there shall be found any person included in the prohibition of the act, and the same is reported in writing to the collector, such person shall not be permitted to land. Undoubtedly, under the powers conferred upon the secretary of the treasury by sections 6 and 7 of the amendatory act, the power of determination might have been conferred by the secretary of the treasury upon the collector. But by the regulations it has not been conferred upon the collector, and devolves upon the superintendent of immigration, or the officers acting under his supervision. Consequently, the collector has no judicial functions, and is not called upon to decide whether any passenger belongs to any one of the prohibited classes. It follows that, if there was any competent evidence to justify a report by the superintendent of immigration or the acting superintendent that the petitioners migrated under a contract to perform labor or service, the decision of the superintendent or of his assistant is conclusive. This court cannot undertake to weigh conflicting evidence for the purpose of ascertaining whether a correct conclusion was reached. If the only evidence of a contract with the petitioners were that contained in the letter from Nicola Grilli to Alberico Serafino, and the letter from Serafino to Barsotti, I should hold, without any hesitation, that it did not appear that the petitioners came here under a previous contract. But the affidavits made by the emigrants may justify the conclusion that the letter had been written to Serafino by Barsotti, promising to employ them at specified wages *per diem,* and in that

view that there was a contract, within the prohibition of the statute.   If the superintendent of immigration chooses to make a supplemental report to the collector, to the effect that the basis of this report is the evidence of the previous contract contained in the letters of Grilli and Serafino, and no other evidence, the collector may amend his return on or before the 3d day of March, setting forth that such a report has been filed.   The further hearing of the case is postponed until the 4th day of March.